WAFFLE *vs.* VANDERHEYDEN & HATCH.

Where upon the examination of the agency book at the place at which the ser-vice of a paper was to be made, it appeared that the solicitor of the adverse party had no agent at that place ; *Held*, that a service by mail was regular, although it afterwards appeared that such solicitor had filed an appointment of an agent previous to such service, but the clerk had neglected to enter it in the list of agents kept in his office.

Where the complainant neglects to serve a subpœna upon a defendant in the bill, against whom an injunction has been granted affecting his rights, such defendant may appear voluntarily and apply to dissolve the injunction, without waiting for the service of the subpœna.

THIS was an appeal from an order of the vice chancellor August 6. of the seventh circuit, dissolving an injunction, on the ground that the bill had not been served as required by the 35th rule of the court of chancery. The solicitors of the respective parties resided in different counties, but within twenty miles of each other. The complainant's solicitor had filed an appointment of agent ; but, by mistake, his name had not been entered in the book of agents kept by the clerk. The defendants' appearances having been duly en-tered, and their solicitors finding, by an examination of the agency book, that the complainant's solicitor had not, as he supposed, any agent residing at the place where the clerk's office was kept, sent a notice of the appearance to him by mail, directed to his place of residence. And having wait-ed eighteen days, and receiving no copy of the complain-ant's bill, he made an affidavit of the facts, and gave notice of a motion to dissolve the injunction. On the part of the complainant, the affidavit of his solicitor was read in op-position to the motion, showing that he had filed an ap-pointment of an agent, and also that he had served the injunction and subpœna upon but one of the defendants ; but he did not deny the receipt of the notice of retainer by due course of mail, and more than twelve days before the receipt of the notice of the application to dissolve the in-junction.

*W. Porter, jun.* for the appellant.

*H. Myers,* for the respondents.

THE CHANCELLOR. As the neglect to have the name of the agent entered in the agency book was the fault of the clerk, and not of the complainant's solicitor, it would have been a matter of course to have retained the injunction, if the solicitor had shown that the notice of retainer did not come to hand in season to enable him to serve a copy of the bill within the time required by the rule. There is no pretence of that kind, however, and there probably could not have been in this case. The appellant, therefore, relied upon mere technical grounds as to the regularity of the proceedings of the defendants' solicitor ; and if he was wrong as to those grounds, the order of the vice chancellor dissolving the injunction with costs was properly granted.

It is alleged in the affidavit of the complainant's solicitor that he has never served either the injunction or a subpœna on the defendant Hatch. That, however, was not necessary to enable Hatch to enter his appearance, and to join with the other defendant in an application to dissolve the injunction, which was equally binding upon both, if they actually knew the fact that such an injunction had been granted. And the neglect to serve the subpœna upon one of the defendants after obtaining an injunction staying the proceedings in a suit commenced by both, might of itself have been a good ground for dissolving the injunction, if unexplained.

I think the defendants' proceedings were also regular in sending the notice of retainer by mail. Such a service is expressly authorized by the 14th rule, where the solicitor has no agent residing at the place of service. And the party making the service is not bound to look beyond the agency book for the purpose of ascertaining whether there is an agent at that place. The agent himself should not only file his appointment, but should also see that his name

is properly entered on the list of agents ; as that is the only record of the appointment to which other solicitors have access.

The decision of the vice chancellor was therefore right ; and the order appealed from must be affirmed, with costs.