# Cases in Chancery.

---

### Holley and wife *vs.* Glover and others.

Where a party to a decretal order of reference wishes to obtain an order from the master to commit the prosecution of the reference to him, under the provisions of the 101st rule of the court of chancery, he must give to the solicitor of the adverse party notice of the application, and of the papers, &c. upon which such application is to be founded.

Or the party making the application, to have the prosecution of the order of reference committed to him, must deliver to the master the evidence of the neglect of the adverse party to prosecute the reference, and take out a summons thereon, for such adverse party to show cause why the prosecution of the reference should not be taken from him and committed to the applicant. And upon the return of the summons the master must proceed to decide the question, after giving to the party summoned a reasonable time to answer the affidavits and other evidences of neglect upon which the application is founded, if copies thereof have not been served with the summons.

Where the evidence of the neglect of a party to prosecute a reference with due diligence exists in the master's office, the master's certificate of the facts is sufficient whereon to found an order to commit the prosecution of the reference to another party. But the party who has the prosecution of the reference is entitled to notice of what is intended to be used against him upon the application to commit the prosecution of the reference to the adverse party, to enable him to excuse or explain the supposed want of due diligence on his part.

A party to a decretal order of reference who has not the prosecution thereof before the master, is not authorized to take out a general summons, to proceed in the reference, before he has obtained an order from the master committing the prosecution of the reference to him, as authorized by the 101st rule of the court of chancery.

This was an appeal from an order of the vice chancellor of the first circuit, denying the application of the com-

1841.
March 2.

plainants to set aside an order made by master Moore to commit the prosecution of the reference to Samuel Glover, as the solicitor of Sarah Glover and Martha Glover two of the defendants. And the only question before the court was as to the proper mode of proceeding before the master to take from the complainants' solicitor the prosecution of a decree, or reference, under the 101st rule of the court.

*E. Sandford*, for the appellants.

*S. Glover & J. Blunt*, for the respondents.

THE CHANCELLOR. By the former practice of this court the mode of proceeding to take from the complainants' solicitor the prosecution of a decree in the master's office and commit it to another party, was by a special application to the court founded upon affidavits and other papers showing the neglect of the party who had the carriage of the decree, to prosecute it with due diligence. And the party who had the prosecution of the decree was entitled to notice of such application and to a copy of the affidavits and other papers upon which the motion was founded, to enable him, if he could, to excuse or explain the supposed want of due diligence in prosecuting the reference. The substitution of the master for the court, by the 101st rule, was not intended to give to him an arbitrary discretion to commit the prosecution to another party whenever he supposed there had been a want of due diligence. But, as under the former practice, the party who has the prosecution of the reference has a right to be heard upon the application, and to know upon what affidavits or other evidence of neglect such application is to be founded ; so that he may adduce other affidavits or evidence in answer thereto.

The party therefore who wishes to obtain an order of the master, committing the prosecution of the reference to him, should give to the solicitor of the adverse party notice of the application, and of the papers, &c. upon which such ap-

1841.

Holley
v.
Glover.

plication is to be founded ; as in the ordinary case of a motion to the court. Or, what would be more in accordance with the usual mode of proceeding in the master's office, he should deliver to the master the evidence of the neglect to prosecute the reference, and procure a summons for the adverse party, underwritten to show cause why the prosetion of the reference should not be taken from him and committed to the applicant. And upon the return of this summons the master should proceed to decide the question ; after giving the party a reasonable time to answer the affidavits and other evidences of neglect upon which the application is founded, if copies of such affidavits, &c. have not been served with the summons. Where the evidence of the want of due diligence exists in the master's office, the master's certificate of the facts is all that is required. But the complainant is in all cases entitled to notice of what is intended to be used as evidence against him upon the application ; to give him an opportunity to excuse or explain the supposed want of due diligence on his part.

In the present case the taking out of a general summons, by the respondent's solicitor, to proceed in the reference, before the prosecution of the decree had been committed to him, was entirely unauthorized, and against the settled practice of the court. And the notice of the application to take the prosecution of the decree from the complainants, not being founded on any evidence of negligence, and being objected to on that ground, the master was not authorized, upon the adjourned day, to take the prosecution of the decree from the complainants.

The decision of the vice chancellor must therefore be reversed, and the order of the master committing the prosecution of the decree to the respondents must be set aside as irregular.

As this, however, was an unsettled question of practice, arising under the recent rule of the court, I shall not charge the respondents with the costs, either of this appeal or of the original application to the vice chancellor to set aside the proceedings in the master's office. The term of office

of the master having expired, an order may be entered giving him six months further time to complete the reference; with leave to any of the parties to apply to the vice chancellor, to whom the proceedings are to be remitted, for a further extension of that time if it shall become necessary.