1841.

Georgia Lum-
ber Co.
v.
Bissell.

THE GEORGIA LUMBER COMPANY *vs*. BISSELL and others.

Where the defendant is arrested on a ne exeat and the complainant takes out a subpœna and makes a bona fide attempt to serve it, but is unable to do so in consequence of the defendant's departure from the state, the want of service of the subpœna will not render the service of the ne exeat irregular, nor afford any ground for discharging the defendant from his arrest upon such ne exeat.

A defendant, upon being arrested upon a ne exeat, may immediately enter his appearance and demand a copy of the bill, without waiting for the service of a subpœna.

THIS was an application to discharge E. Bissell, one of the defendants, from his arrest upon a *ne exeat*, on the ground that no subpœna was served at the time he was arrested upon the writ of *ne exeat*. On the part of the complainants an affidavit was produced, showing that upon the taking out of the *ne exeat*, the same, together with a subpœna and injunction, were delivered to the sheriff of New-York, where the defendant Bissell then was; but that Bissell left the city for the west the same day and before either could be served; that a new writ of *ne exeat* was immediately issued and sent to the sheriff of Erie county, to arrest such defendant if he should come into that county, which was served accordingly; that immediately upon hearing of such arrest, the complainants' solicitor sent a subpœna to that county, but Bissell left the state before the same could be served on him; and that the complainants, thereupon, applied to the court and obtained an order for his appearance, within four months, as an absentee.

*J. Rhoades*, for the complainants.

*S. J. Cowen*, for the defendant Bissell.

THE CHANCELLOR. As the complainants took out a subpœna with the first *ne exeat* and made a *bona fide* attempt to serve the same, and sent a new subpœna to Erie

July 20.

county to be served, immediately upon learning of the arrest of Bissell on the *ne exeat* at that place, there was no irregularity which entitles Bissell to have the writ of *ne exeat* set aside. The defendant, upon being arrested on that writ was apprised of the institution of the suit against him, and might at once have entered a voluntary appearance and demanded a copy of the bill. He cannot therefore complain that he has been prejudiced by the neglect to serve him with a subpœna the moment he was taken upon the *ne exeat*. The petition to discharge the writ, before answer, upon the affidavit that the complainants have no valid claim against him, must therefore be denied with costs.

The defendant, however, upon entering his appearance and giving notice of the same to the complainants' solicitor, may have the usual order that the *ne exeat* be discharged, upon his executing a bond in the sum of $1600, with two sufficient sureties, to be approved of by a master on due notice to the adverse party, to answer the bill and to render himself at all times amenable to the process of the court.