HENRY PLONSKY, Appellant, *against* SOLOMON E. JAPHA *et al.* Respondents.

(Decided June 4th, 1877.)

The court in its discretion will refuse to allow a judgment in an equitable action affecting partnership assets in which creditors are interested, to be entered by consent of plaintiff and one of the defendants, his copartner, where another defendant, the assignee for the benefit of creditors of plaintiff's interest in the firm, does not appear to have had notice of the action, or to have appeared, and where the form of judgment consented to, names a receiver and referee, would affect creditors not before the court, and would give the plaintiff's attorney a prior lien upon the assets for costs and for counsel fees to an unknown amount.

APPEAL by the plaintiff from a judgment of this court entered upon an order dismissing the complaint on the merits, made at special term by Judge VAN HOESEN.

This action was brought by Plonsky against Japha and Meyers. The complaint alleged that Plonsky and Japha were copartners in trade; that Plonsky was insolvent and had made a general assignment of his property for the benefit of his creditors to Meyers, and that plaintiff had requested Meyers to bring an action against Japha to recover plaintiff's interest in the copartnership, but that Meyers had refused to do so. The complaint asked for a dissolution of the copartnership, an injunction, an accounting, a receiver, a sale of the assets of the firm, payment of debts, and payment of surplus to the assignee. When the cause was reached for trial neither defendant appeared.

The plaintiff on the trial gave evidence of the partnership and the assignment, and put in evidence a stipulation between the plaintiff and the defendant Japha and his attorney, that the partnership be dissolved, that Meyers be appointed receiver, that an injunction issue against Japha, that Thomas Boese be appointed referee to take the account, that the receiver, under the direction of the referee, pay plaintiff his counsel fees to be thereafter adjusted, that the

Plonsky v. Japha.

receiver then pay the creditors of the firm, and apply the surplus in accordance with the assignment. It was further stipulated that no judgment against Japha, personally, should be entered, but that judgment in accordance with the stipulation should be entered without any further notice to defendant Japha. No evidence was given that the defendant Meyers had ever refused to bring an action, or that he had ever been served with the summons, or that he had appeared.

The court dismissed the complaint on the merits.

*C. Bainbridge Smith*, for appellants.

ROBINSON, J.—This action appears to have been brought on for hearing before a judge at special term upon a complaint alleging a partnership between plaintiff and defendant Japha, under the style of "H. Plonsky & Co.," from September 27th, 1876, without prescribed term, but no dissolution is alleged except that plaintiff, becoming insolvent, made a general assignment of all his property and effects to the defendant, Louis Meyers, for the benefit of his creditors, who, it was alleged, had duly qualified as such, and that Meyers, though requested, had refused to institute an action for the winding up of the affairs of the firm of H. Plonsky & Co.; and plaintiff prays a decree for dissolution, an account, and for payment of any surplus of assets belonging to the firm, the payment to Meyers of the proportion belonging to plaintiff, and for a judgment against Japha for any amount due from him to plaintiff on copartnership account. An injunction and a receiver were also prayed for. Japha seems to have appeared, but Meyers, so far as appears, had not been served with process nor had appeared in the action. On the hearing a stipulation was presented by plaintiff, signed by Japha, purporting to be an agreement between plaintiff and Japha and his attorney, agreeing to the dissolution; that Louis Meyers be appointed receiver of the property of the firm; that an injunction issue as prayed for against Japha; that the plaintiff and Japha appear before Thomas Boese, as referee, for the purpose of such accounting; that the receiver, under the

direction of the referee, pay the attorney for the plaintiff, not only costs, but a counsel fee, to be thereafter adjusted; that he pay the debts of the firm and the residue of the proceeds of the copartnership assets to Meyers, for the purpose of his trust, under the assignment made to him by plaintiff; and that no personal judgment be taken against Japha, who waived notice of further proceeding. There was no proof offered of Meyers' default nor of his alleged refusal to institute an action as assignee of plaintiff, but the litigation was evidently one of a harmonious character between Plonsky and Japha, in which they were disposed as between themselves to assume complete administration of the copartnership affairs, without regard to the defendant Meyers, or any supervision or control by the court in the details of any judgment, or in the appointment of a referee and receiver, except of their own selection, and for the establishment of a prior right in the plaintiff's attorney, without appeal to the discretion of the court for an award for costs and counsel fees.

Under these circumstances, the court took exception to such a peremptory disposition of trust funds and rights of creditors, and in the absence of any proper testimony satisfactorily showing to the court that the defendant Meyers had been served with summons or had appeared or was represented, or that *he had in fact refused to intervene in his own behalf as plaintiff*, and bring an action for the administration of the copartnership affairs, the plaintiff had no standing in court, and it was properly in the discretion of the judge to dismiss the complaint. The order appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Order and judgment affirmed.