(24 Civ. Proc. R. 248.)

### KALISKE v. WEIL et al.

(Common Pleas of New York City and County, Special Term. February, 1895.)

PRACTICE IN CIVIL CASES—DISMISSAL—NONSERVICE OF SUMMONS.
  A complaint will not be dismissed for nonservice of summons on one of the defendants, where a complete determination of the controversy can be had without the presence of such defendant.

Action for specific performance of an agreement for a release. Defendants move to dismiss the complaint for nonservice of summons on one of the defendants. Denied.

Edwin T. Taliaferro, for plaintiff.
Holcomb & Martin, for defendants.

PRYOR, J.    Action against partners for specific performance of an agreement for a release, and motion to dismiss the complaint for nonservice of summons on a defendant. The order solicited is not authorized by section 821, Code Civ. Proc. Dismissal of the complaint for nonservice of summons on a defendant is warranted only "when a complete determination of the controversy cannot be had" without the presence of such defendant. But counsel for the motion concedes that a release by the defendants served will bind the other. What, then, is wanting to a complete determination of the controversy? Manifestly nothing. Counsel objects against the injustice of binding a party in his absence, to which the twofold answer is: First, that the defendant not served might, nevertheless, have voluntarily appeared in protection of his rights (Waffle v. Vanderheyden, 8 Paige, 45; Lumber Co. v. Bissell, 9 Paige, 225; Skinner v. Noyes, 7 Rob. [N. Y.] 228); and, secondly, that the court on the trial will, if necessary, direct the absent defendant to be brought in. (Code Civ. Proc. § 452; Powell v. Finch, 5 Duer, 666).

Motion denied, with costs.