CONKLING RUG COMPANY, INC., Plaintiff, *v.* JOHN N. HINMAN, Defendant.

*Supreme Court, Onondaga County, June 21, 1941.*

*Otto W. Iloff,* for the plaintiff.

*M. Leonard Shapero,* for the defendant.

CROSS, J.  This motion searches the record to determine whether an order shall be made dismissing the plaintiff's complaint or according the defendant any other relief.

The only process served upon the defendant is a complaint served April 17, 1941.  Prior to the service of said complaint and on March 24, 1941, an action was commenced by the instant defendant against the instant plaintiff by the service of a summons and complaint in an action instituted in the Municipal Court of Syracuse, N. Y.  The Municipal Court action is at issue and two orders to show cause have been obtained by the instant plaintiff in that court to stay the trial of the action therein until the determination of the above-entitled action.

The first question to be ascertained is whether the above-entitled action is pending.  This action could have been commenced by the service of a summons.  (Civ Prac Act, § 218.)  No summons was served.  A voluntary general appearance of the defendant is equivalent of a personal service of summons upon him.  (Civ. Prac. Act, § 237.)

The defendant by his counsel, on May 6, 1941, in the above-entitled action, filed a notice of appearance as follows: " I appear specially on behalf of John N. Hinman, as his counsel for the purpose and only for the purpose of moving to set aside the service of the complaint herein upon the said John N. Hinman, and that the said John N. Hinman does not appear generally in this action."

The question now presents itself as to whether such paper constituted a general appearance by which jurisdiction of the person of the defendant was acquired and by which the above-entitled action may be held to have been pending against him since May 6, 1941. I think such question must be answered in the negative. This notice of appearance may be fairly construed to have for its basis and effect a challenge to the jurisdiction of the court over the person and property of the defendant. (*Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584, 588.) The conclusion follows that defendant's appearance is a " special appearance " only.

The above action has never been commenced against the defendant. Jurisdiction of the defendant was not acquired in compliance with the statutes of the State. Any attempt by the plaintiff to urge the pendency of the above-entitled action is without basis in law.

Defendant is not deprived of his objection to the jurisdiction over his person by failing to move before, rather than after judgment. (*Powell* v. *Home Seeker Realty Co.*, 131 Misc. 590, 591, 592.) It is fallacious reasoning to assert that defendant is deprived of his objection to the jurisdiction over his person and prevented from moving for relief on the facts here. The plaintiff has proceeded and is proceeding in the Municipal Court of Syracuse to assert the pendency of the above-entitled pseudo action as a basis for delaying the orderly functioning of the Municipal Court in proceeding with the trial of an action involving the same parties which is pending therein and wherein its jurisdiction is not questioned.

Under the facts presented here, defendant is not required to remain quietly out of court until invited to appear there. Where an injunction had been granted affecting the rights of a party not served with a subpœna, he was allowed to appear, voluntarily, and join in a motion to dissolve the injunction. (*Waffle* v. *Vanderheyden*, 8 Paige, 45.) A defendant arrested upon a *ne exeat* might, without waiting for the service of a subpœna, enter his appearance, and demand a copy of the bill. ·(*Georgia Lumber Co.* v. *Bissell*, 9 Paige, 225.)

Neither can it be plausibly argued that it is an act of judicial assumption to supersede legal fictions without the support of some

precisely analogous case. The instant record discloses particular circumstances which show the performance and the threatened performance of acts by the plaintiff which constitute an invasion in a novel form of the plaintiff's right to proceed with the trial of his action in the Municipal Court of Syracuse.

Motion is granted to the extent of restraining and enjoining the plaintiff from any further act or proceeding predicated on the pendency of the above-entitled action, except such act or proceeding as may be instituted to modify, vacate or appeal from the order to be entered herein. Costs of motion allowed defendant.

Present order accordingly.