Bernard S. Meter, J.
In this mortgage foreclosure proceeding plaintiff moves for the appointment of a Referee to compute and other relief, claiming that defendant Bogart is in default. Defendant Bogart cross-moves by order to show cause to vacate and set aside service of summons. Plaintiff contends that defendant Bogart has appeared generally because he served a notice of special appearance which plaintiff’s attorney received by mail on December 16, 1960, but made no motion thereafter until March 27, 1961. Such, however, is not the law.
Prior to 1951 rules 106 and 107 of the Rules of Civil Practice required that an objection that the court had not jurisdiction of the person of the defendant be made by notice of motion served within 20 days after service of the complaint. With the enactment of chapter 729 of the Laws of 1951, adding section 237-a to the Civil Practice Act, rules 106 and 107 were amended to *733 delete lack of jurisdiction of the person as a ground of motion. Since 1951 the method of raising objections concerning jurisdiction of the person is by motion under section 237-a of the Civil Practice Act. ¡Nowhere in that section, however, is there fixed a time limit within which such motion must be made, the sole reference to time being contained in subdivision 5 of the section which provides that: “A notice of the motion made pursuant to this section, if served within twenty days after service of the complaint * * * shall operate to stay all further proceedings in the action ’ \ Clearly that language does not fix the time within which the motion must be made; rather it provides that a motion made after the 20-day period does not operate as a stay (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 64) and, thus, by implication recognizes that such a motion made more than 20 days after complaint served is timely.
While it is true that subdivision 1 of the section requires that objection to jurisdiction over the person “ must be raised by a motion ” and that “ The objection, if raised in a manner other than that provided in this section * * * shall be deemed waived,” it does not follow that defendant’s failure to serve a notice of motion after the service of a notice of special appearance waived his right to object that there was no jurisdiction over his person. Gatapodis v. Onassis (2 Misc 2d 234, 236) may be distinguished since defendant in that case never moved to vacate service as has defendant in the present case. The Judicial Council in the study proposing the statute that became section 237-a of the Civil Practice Act specifically stated that (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 195): “ A notice of motion, preferably asserting therein that defendant is appearing specially, is all that is required. Use of the notice of special appearance is not, however, made improper ”, and recognized that (p. 203): “ a notice of special appearance is served solely for the purpose of indicating an intention to move to vacate the service of process, and has meaning only as a preliminary step to the serving of motion papers. ’ ’ While a special appearance does not operate as a stay under section 237-a of the Civil Practice Act (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 195) and is ineffective to delay entry of judgment as upon a default, ‘ ‘ it is also clear that defendant was not deprived of its [his] objection to the jurisdiction over its [his] person by failing to move ” (Powell v. Home Seeker Realty Co., 131 Misc. 590, 591-592; see Conkling Rug Co. v. Hinman, 176 Misc. 842).
It follows from the above that the order to show cause dated March 27, 1961 was timely. Unless and until the stay therein *734 contained is vacated after hearing, plaintiff’s motion for appointment of a Referee cannot be granted. Nor does defendant’s service on April 13, 1961 of an affidavit answering plaintiff’s motion for the appointment of a Referee constitute a waiver of defendant’s special appearance to the alleged service of process on November 23,1960, in view of the fact that on March 27,1961 plaintiff caused the summons and complaint to be again served on defendant Bogart. Bogart’s affidavit admits that that service was properly made, but since his time to answer had not expired with reference to the March 27, 1961 service when the motion for appointment of a Referee was made, that motion is, with respect to the later service, premature.
If plaintiff chooses to press the validity of the November 23, 1960 service, defendant’s motion to vacate service will be set for hearing before me at Special Term, Part II, on Monday, May 1, 1961 at 10:00 a.m. and the motion to appoint a Referee will be held in abeyance pending conclusion of that hearing. If plaintiff chooses not to press the validity of the November 23, 1960 service and so notifies the Clerk in writing, the motion to vacate that service will be granted on consent and the motion for appointment of a Referee denied. Plaintiff shall make its election, either filing the necessary writing or notifying the Clerk that it will proceed with hearing (and in either case also advising defendant), on or before April 26, 1961.