WILDY *against* WASHBURN.

IN ERROR, on *certiorari* to three justices of the peace of the county of *West Chester*, to bring before this Court their appointment of *Gilbert Washburn*, the defendant, as a constable of the town of *Mount Pleasant.*

The return stated, that at a town meeting, held in the town of *Mount Pleasant*, on the 7th of *April* last, it was decided by the freeholders and inhabitants, that it would be necessary for the town to elect two constables; that they proceeded to a choice, and that on canvassing the votes, two were elected; that there were three other persons who had an equal number of votes, so that only two were chosen; that on the 20th of *April*, the three justices adjudged that the town had neglected to appoint one of the three constables, thus authorized to be chosen, and that a vacancy in the office of constable had happened; and that on the same day, the three justices proceeded to nominate, and by their warrant, to appoint the defendant. It further appears, that the defendant gave the necessary security, which was duly approved, and that he took and filed the oath of office, and took upon himself the execution of the same. There was also returned to the *certiorari*, a subsequent appointment by three other justices, of the plaintiff, as constable.

SPENCER, J. delivered the opinion of the Court. This *certiorari* is brought to obtain a reversal or *vacatur* of the appointment of *Washburn;* and this Court says, in *Wood* v. *Peake*, (8 *Johns. Rep.* 71.) that the appointment of a constable by three justices is a judicial act; that it remains

*A certiorari to remove into this Court the proceedings before three justices of the peace, appointing a town officer, on the neglect of the town to make the appointment, must be prosecuted in the name of the people; and if it be brought in the name of the party aggrieved, the Court will make no order upon the subject.*

*By the act relative to the duties and privileges of towns, sess. 36. c. 35 s. 5. (2 N. R. L. 127.) the freeholders and inhabitants of the town are authorized to make a second election of town officers, in case those before chosen refuse to serve, die, remove out of the town, or become incapable of serving, within fifteen days next after such refusal, death, removal, or incapacity; but it seems that if the town made no elec-*

tion of town officers at the regular annual town meeting, they cannot afterwards make a choice, and that the vacancy may be supplied by the appointment of three justices of the county, without waiting fifteen days, in order to give the town an opportunity of a second election, as is required in the other cases of vacancy, specified in the act.

Where the town meeting proceeds to the election of a town officer, and on canvassing the votes, they are found to be equally divided, so that there is no choice, it seems that the meeting ought to proceed to a second election, which if they neglect, they lose their right, and cannot make the election at a subsequent meeting, although held within fifteen days.

ALBANY,
January. 1819.

WILDY
v.
WASHBURN.

valid until it be set aside or quashed, in the regular course, upon *certiorari*. The *certiorari*, however, cannot, in a case like this, be prosecuted in the name of an individual; it must be at the suit of the people, on the relation of an individual.

Wherever the rights of an individual are infringed by the acts of persons cloathed with authority to act, and who exercise that authority illegally, and to the injury of an individual, the person injured may have redress by *certiorari*, as in the case of *Lawton* v. *The Commissioners of Highways of Cambridge*. (2 *Caines' Rep.* 179.)

I incline, however, to the opinion, that under the 5th section of the *act relative to the duties and privileges of towns*, (2 *N. R. L.* 127.) the appointment of *Washburn* is valid. The act provides for several occurences : **1.** If there is a neglect in any town to choose the officers authorized to be chosen ; **2.** If those chosen refuse to serve ; **3.** Or die ; **4.** Or remove out of the town ; **5.** Or become incapable of serving. If the town shall not, within fifteen days next after such refusal, death, removal, or incapacity happens, choose another in the room of such person, according to law, *in every such case*, it shall be lawful for any three justices of the peace in the same county to nominate, and by warrant, under their hands and seals, to appoint all and every such officers as the freeholders and inhabitants of the town ought to have chosen, as aforesaid.

The right of the town to choose the officer, otherwise than at the anniversary election, is, by the terms of the act, confined to those occurrences which happen to the officers chosen, and not to a case where there is an original neglect; that is, a neglect at the annual town meeting. Now, suppose the case of a decision by the freeholders and inhabitants to choose a certain number of constables, deeming them necessary and convenient, and a total omission to elect a single constable ; if the power did not reside somewhere to remedy this omission, the evils might be great, even during the fifteen days. In the present case they had decided to elect three constables, but elected two only. The circumstance that there was an equality of votes as to two candidates, did not dispense with the necessity of calling on the electors to vote again. It must, therefore, be deemed

a neglect in the electors, that they did not elect the third constable. The power of the magistrates, in my construction of the act, is more ample than that of the electors, in case they shall neglect to exercise their rights in the first instance. There can be no reason for giving the electors a second opportunity to make their choice, if they will not use the first occasion to do it; and there is the strongest reason in so construing the act, as to prevent a failure in the executive officers of a town. Considering, however, this case as not properly before us, it is inexpedient to make any order in it.