[*548] *WHITNEY v. THE MAYOR, ALDERMEN, &C. OF THE CITY OF NEW YORK.

The power to review and correct the errors, abuses and mistakes of public officers and of inferior or subordinate jurisdictions, belongs exclusively to the Supreme Court.

Illegality in the proceedings upon assessments for the purpose of regulating and improving streets in the city of New York, may be corrected by a *certiorari* to the Supreme Court.

A motion to dismiss a bill for want of prosecution, can only be made where there are other defendants against whom the cause is not in readiness for a hearing in consequence of the neglect of the complainant to expedite the proceedings against them.

Where both parties have the right to bring the cause to a hearing, a motion to dismiss the bill for want of prosecution is irregular.

1829.

Whitney
v.
Mayor, &c. of New York.

THE bill in this cause was filed to restrain the defendants from selling two lots of the complainants, which had been August 4th. assessed for a share of the expenses of regulating and improving Lombardy street, between Clinton and Walnut streets, in the city of New York, under the 175th section of the act to reduce several laws relating particularly to the city of New York, into one act. (2 Rev. Laws, 407.) The alleged irregularity in the proceedings was that the improvement in the street had been made before the assessment for that purpose, and before the entry of the ordinance authorizing the assessment. ΅ The assessment was made and confirmed by the Common Council in 1821.

*M. Ulshoeffer*, for the defendants, on the bill and answer moved for a dissolution of the injunction, and that the bill be dismissed with costs.

*D. S. Jones*, for the complainant.

THE CHANCELLOR:—It is not necessary for me to express an opinion whether there is any legal objection to the assessment against the complainant's property. If it is illegal, he has a full and perfect remedy at law, and this is not the proper tribunal for him to apply to for redress. In *Mooers* v. **Smedley*, (6 John. Ch. Rep. 28,) this court decided that the review and correction of errors, abuses and mistakes in the exercise of the powers of inferior and subordinate jurisdictions, and in the official acts of public officers, belonged exclusively to the Supreme Court. That such a power exists in that court has been repeatedly recognized by the judges thereof. (2 Caines' Rep. 169 ; 16 John. Rep. 50 ; 1 Wendell, 288.) And that the complainant may correct any illegal proceedings under the 175th section of this act, by a *certiorari*, was expressly decided by that court, in

[*549]

the case of *Le Roy and others* v. *The Mayor*, &c.   (20 John. Rep. 430.)   The injunction must therefore be dissolved. The application to dismiss the bill for want of prosecution is not the regular mode of getting rid of the suit, under the rule of June, 1828.   The proper course is for the defendant to set it down on bill and answer, if the complainant neglects to file a replication.   The motion to dismiss is only allowed where there other defendants, against whom the cause is not in readiness for hearing, in consequence of the neglect of the complainant to expedite the proceedings against them.   By the English practice, the motion to dismiss was merely for the purpose of expediting the proceedings of the complainant; and there is no ground for such an application on the part of the defendant, where either party is at liberty to proceed in the cause.   At law, if the plaintiff neglects to bring the cause to trial, judgment as in case of non-suit may be granted.   But the defendant cannot move for such a judgment in replevin, because he has an equal right with the plaintiff to carry down the cause for trial.

The motion to dismiss the bill is denied.