## THE CITY OF DUBUQUE *v.* REBMAN.

Under section 2328 of the Code, which provides that any person aggrieved by the final judgment of a justice, may appeal therefrom to the District Court, a party convicted of a violation of any of the by-laws, ordinances, or regulations of the city of Dubuque, before a justice of the peace, may appeal to the District Court.

Wherever, in any case before a justice of the peace, there is a final judgment, the right of appeal is given, unless the jurisdiction of the District Court is withheld by express provision, or necessary implication.

Section 23 of the act entitled "An act to incorporate and establish the city of Dubuque," approved February 24, 1847, which confers upon justices of the peace within the city, full power and authority, and by which it is made their duty, at such times as complaint and application shall be made before either of them, to issue all needful process for the apprehension of offenders against any of the by-laws, ordinances, or regulations of said city, and to hold a court for the trial of such offences, &c., does not create a new tribunal or jurisdiction. It only gives to a tribunal already provided for, and recognized by the constitution, and known at common law, power to punish certain offences which before was not included in the general law.

Under section 24 of the same act, which provides that "all trials for the violation of the by-laws, ordinances, and regulations of said city, shall be in a summary manner," the proceedings are only summary, so far as to bring the offender promptly before the court, without the delay which is provided for in proceedings strictly civil in their character.

Where there were two city ordinances in force at the same time, under which the offence with which the defendant was charged, was punishable; *Held,* That the court did not err in holding that the prosecution could be maintained under the ordinance last passed.

*Appeal from the Dubuque District Court.*

Two cases are before us of the above title, which have been argued as involving the same question. We shall,

therefore, speak of but one, treating the disposition of it as a disposition of both. Complaint was made against the defendant, before a justice of the peace in the city, of Dubuque, for a violation of a city ordinance, entitled, "An ordinance to prevent nuisances, and for other purposes," approved July 17, 1854. He was fined in the sum of fifty dollars. From this judgment he appealed to the District Court. A motion was there made by the city to dismiss the appeal, for the reason that the writ of certiorari was the only process for reviewing such judgment or proceeding. This was overruled, and the ruling upon that question, is the only error now insisted upon in argument.

- *Wiltse & Blatchly*, for appellant.

*Smith, McKinlay & Poor*, for appellee.

WRIGHT, C. J.—By section 23 of the charter of the city of Dubuque, approved February 24, 1849, any justice of the peace within the city has full power and authority, and it is made their respective duties, at such times as complaint and application shall be made before either of them, to issue all needful process for the apprehension of offenders against any of the by-laws, ordinances, or regulations of said city, and to hold a court for the trial of such offences. They have, also, power to fine and imprison for the violation of such by-laws, rules, and regulations. And by section 24, all trials for such violations are required to be in a summary manner, but no person is to be deprived of his liberty, or be fined in a sum greater than twenty dollars, unless convicted by a jury of six citizens of said city.

The city now claims that from such convictions, or judgments, the defendant cannot appeal; but if the power of review is given in any way, it is only by certiorari—*first*, because no appeal is given by the express words of the charter; *second*, because the proceeding is summary, or in a course different from the common law, before a new jurisdiction created by statute.

It is true, that by the city charter, there is no provision giving the right to appeal, nor is there any denying it. Shall it, therefore, be denied? By the Code, section 2328, "Any person aggrieved by the final judgment of a justice, may appeal therefrom to the District Court." This language is broad and comprehensive, and ordinarily, it would seem to be very clear, that whenever, in any case, there is a final judgment, as in this, the right to appeal is given. Giving this statute a liberal construction, as is our duty (*Steamboat Lake of the Woods* v. *Shaw*, 2 G. Greene, 92), and extending its remedial provisions to those who seek by appeal, to obtain that justice which they are entitled to, and of which they may have been deprived, it would seem to follow, that jurisdiction was given, in this particular class of cases, unless it is withheld by express provision, or necessary implication. As already stated, it is not denied by express provision, nor do we think it is by any fair implication. The judgment is final, within the language of the general provision. The penalty is fine or imprisonment. If certiorari is his only remedy, then he can only be heard in the District Court, on the law of his case; for, by such writ, he can have no review of the facts. And while it is conceded, that, as a general rule, a party has, on appeal, a right to a trial *de novo* in a civil cause, if there is a judgment against him for the smallest sum; yet, under this charter, he is to have no appeal, though he may be fined in heavy sums, and ordered to be deprived of his liberty, by imprisonment in the county jail. If such was the intention of the legislature, it was easy to have so provided. In the absence of such provision, we think the safer rule is, to hold that such convictions come within the general provisions of the law giving the right to appeal, unless the second position assumed by appellant be correct.

If this is a new jurisdiction, created by statute, and the court exercising it proceeds in a summary manner, or in a course different from the common law, then it is undoubtedly true that, upon general principles, certiorari, and not appeal, furnishes the proper remedy. *Rahlan* v. *Common-*

The City of Dubuque v. Rebman.

*wealth,* 5 Binney, 26; *Street* v. *Francis,* 3 Ham. 277; *Ex parte Tarlton,* 2 Ala. 36; *In the matter of Negus,* 10 Wend. 34. But, in the first place, it is not a new jurisdiction. The charter does not create a new tribunal. Power is only given to a tribunal already provided for, and recognized by the constitution, and known at common law, to punish certain offences, which before were not included in the general law. The record also discloses, that there were parties, process, service, pleading, issues, a jury trial, verdict, and judgment thereon for a sum certain in money, to enforce which execution can issue; and, indeed, everything usually accompanying proceedings by the course of the common law, and in like manner as all other trials before a justice. But it is said, the proceedings by the charter are to be summary, and, therefore, no appeal lies. But if the fact that the proceeding was summary would, on general principles, inhibit the jurisdiction, we cannot think the term, as here used, has the signification attached to it in many, if not all, the cases in which it is used in this connection. In summary proceedings, technically, the cases are to be adjudged promptly, and without unnecessary form; and to such mode of trial, unless for contempts, the common law is concededly a stranger. 4 Black. Com. 280. But in these cases, there is no other prompt adjudication or dispensing with forms, than obtains in any civil or criminal proceeding before a justice. It is true, there is no formal indictment to be presented, nor is there, critically speaking, an indictment in any criminal trial before these inferior tribunals. But, as shown, a jury trial is guarantied, and in all respects the party is to be heard, as if arraigned for an offence penal in its character, by any provision of the general law. Let us further judge of this provision, by reference to some of the adjudicated cases. This was not an order of three justices, appointing a certain person constable of a town, as in *Willy* v. *Washburn,* 16 Johns. 49; nor was it an application to redeem land from a tax sale, as in the case in 3 Ham. 277; neither was it an appraisement made by a jury, establishing the measure of damages for flowing land by the erection of

a mill dam, as in the case of *The Commonwealth* v. *Ellis*, 11 Mass. 466; nor is it similar to the proceedings in 2 Ala. 36, which was an application to review the action of the court of revenue and roads, in granting a ferry charter; but technically, and substantially, a *final* adjudication, after a full hearing and trial, upon which judgment was rendered, and which was to be enforced by execution in the same manner as any other judgment for money; and which was only summary, and only should, or need be so by the law, so far as to bring the offender promptly before the court, without the delay which is provided for in proceedings strictly civil in their character.

We, therefore, conclude, that the court below did not err in overruling the motion to dismiss the appeal. In so holding, however, we do not wish to be understood as deciding that the appeal, as such, was taken regularly, or in the manner required by law. Upon this subject we give no opinion.

It appears that, after the overruling of the motion to dismiss the appeal, a trial was had, and defendant fined ten dollars. He now claims, on his part, that the court erred in holding that the prosecution could be maintained under the ordinance above named, contending that it was alone punishable under an ordinance of May 10, 1852. We have examined the two ordinances, and think the court held correctly in overruling this objection. The offence charged comes clearly within the provisions of the ordinance of July 17, 1854. It may also be prohibited by the language of the prior ordinance, which appears to be unrepealed, but it does not therefore follow, that it may not be punished under the last ordinance.

Judgment affirmed.