"Rev. Omar Butler, Pastor, Rev. W. K. Wiend, Presiding Elder, William Felker, George Werner, Levi Light and The Evangelical Church of the Evangelical Association of North America, County of Lebanon and State of Pennsylvania, Plaintiffs, *v.* Rev. Charles Egge, Rev. B. J. Smoyer, C. B. Wagner, Jacob Parthemore, Isaac Housemann, M. B. Wenger and W. S. Bordlemay, Defendants."

*Equity—Preliminary injunction—Contest over church property—Laches.*

In a contest between contending factions of a church congregation where the question in dispute involves the contruction of deeds of the church property, and it is uncertain whether the congregation was originally organized as an independent organization, or as a member of the denomination to which the plaintiffs belonged, a preliminary injunction will not be continued.

Where a bill in equity on its face, and the evidence produced to sustain it, show a want of diligence on the part of the complainant asking for an injunction, a preliminary injunction will not be granted.

Argued June 4, 1895. Appeal, No. 114, July T., 1895, by plaintiffs, from decree of C. P. Lebanon Co., Equity Docket No. 6, 1895, refusing a preliminary injunction. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill for an injunction.

The bill alleged amongst other things that Rev. Omar Butler and Rev. W. K. Wiend are the lawful pastor and presiding elder, respectively, of the congregation or society commonly known as the Emanuel church of the Evangelical Association, located in the city of Lebanon, Pennsylvania, the corporate name of which is "The Evangelical Church of the Evangelical Association of North America, County of Lebanon and State of Pennsylvania," and praying, among other things, that the defendants may be restrained from interfering with the plaintiffs, Butler and Wiend, as pastor and presiding elder, respectively, in the free access by them and each of them in and to the church of said society and the pulpit thereof, and from

interfering with the said plaintiffs, or either of them, in the discharge of their duties as such pastor and presiding elder, respectively, in and about said church.

For an account of the contest between the contending factions of the Evangelical Association of North America, see Krecker et al. v. Shirey et al., 163 Pa. 534.

It was claimed by defendants that the congregation in Lebanon was originally an independent congregation, and that its connection with the Evangelical Association had been voluntarily assumed, and could be dissolved at will; and that the deeds of the church property contained no language impressing upon the same any trust in favor of the Evangelical Association.

The court granted a preliminary injunction, which however it subsequently refused to continue, EHRGOOD, P. J., filing the following opinion :

" In order that a complainant may be entitled to a preliminary injunction it should be made to appear that he has a clear right to the enjoyment of the subject in question, and that he has used reasonable diligence in invoking the aid of the court.

" The first proposition, applied to the case in hand, in our opinion, necessarily involves the construction of the deeds to the church property, and the facts whether at the time of the organization of the ' German Evangelical Congregation of the borough of Lebanon,' it was so organized as an independent congregation, or, under the discipline of the Evangelical Association of North America, as a member of said Association ; and even if an independent congregation at its inception in what position they have placed themselves by their subsequent acts.    These, among others, are questions which under the evidence now before us we will not decide at this time.

" The second proposition alone, however, we think should move the court to deny the motion for a continuance of the preliminary injunction.    Where the petition on its face, and the evidence produced to sustain it, show a want of diligence on the part of the complainant asking for an injunction as is the case here, we· think a preliminary injunction ought to be refused.

" A protest on the part of the plaintiff against the acts of the defendant, or a mere threat to take legal proceedings, is not

1895.]          Opinion of Court below—Opinion of the Court.

in general sufficient to exclude the consequences of laches. In refusing an application for a preliminary injunction the court does not conclude a right, but merely refuses, in the exercise of its discretion, to interfere summarily in favor of a party who has not shown due diligence in making the application.

" We do not deem it necessary to consider the question of irreparable injury. Under all the circumstances of this case the motion to continue the preliminary injunction is refused. We will make no order for costs until final hearing. And now, May 11, 1895, this cause came on to be heard, and was fully argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed that the preliminary injunction be dissolved."

*Error assigned* was above decree.

*Howard C. Shirk* and *Edward B. Esher*, *William Ritchie* with them, for appellants, cited : Schlichter v. Keiter, 156 Pa. 131 ; Com. v. Cornish, 13 Pa. 291 ; Sutter v. Trustees First Reformed Dutch Church, 42 Pa. 510 ; Jones v. Wadsworth, 4 W. N. C. 514 ; Sarver's App., 81* Pa. 183 ; Ferraria v. Vasconcelles, 23 Ill. 403 ; Den v. Pilling, 4 Zab. (N. J.) 656 ; Krecker v. Shirey, 163 Pa. 552 ; Fuchs v. Meisel, 60 N. W. Rep. 778 ; Hodge v. Giese, 43 N. J. Eq. 343 ; Hart v. Leonard, 42 N. J. Eq. 416 ; Meigs v. Lister, 23 N. J. Eq. 200 ; Doe v. Jones, 10 B. & C. 718 ; Spurgin v. White, 2 Giffard (Eng.) 487.

*George B. Woomer*, for appellee.

PER CURIAM, July 18, 1895 :

Our examination of this record has failed to convince us that there was any error in refusing to continue the preliminary injunction. There is nothing that would justify us in sustaining either of the assignments of error.

Decree affirmed and appeal dismissed with costs to be paid by appellants.