## Anderson, Appellant, *v.* Council of Associated Building Trades.

Argued March 12, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*W. B. Saul,* of *Saul, Ewing, Remick & Saul,* and with him *Pepper, Bodine, Stokes, Schock,* for appellant, cited: Becker v. The Lebanon and Myerstown Street Railway Company, 4 Pa. Superior Ct. 372; Potter T. & T. Co. v. Frank et al., 298 Pa. 137; Prettyman v. Irwin, 273 Pa. 522; Forrest v. P. R. T. Company, 261 Pa. 383.

*William A. Gray,* for appellee.

Opinion by Keller, J., April 18, 1930:

Plaintiff appeals from a decree of the court below dismissing his petition to have defendants adjudged guilty of contempt for disobeying the injunction of the court, and dismissing plaintiff's bill for laches in its prosecution.

We cannot agree with the court below that the plaintiff was guilty of such laches in the prosecution of his bill as required it to be dismissed. The decree of October 19, 1919 was not a preliminary injunction issued *ex parte* on bill and injunction affidavits. That injunction had issued on October 14, 1919. By the equity rules it would automatically be dissolved unless a hearing was had within five days, or its further continuance was agreed to without a hearing. Within the five day period a hearing was had, testimony was taken and the motion to continue the preliminary injunction was heard and argued, and the decree of October 19, 1919, enjoining the defendants resulted. As the hearing was not the final one, the decree was preliminary in form, and, as all preliminary decrees do, it enjoined the defendants until final hearing; but it was entered after all the testimony the parties saw fit to produce had been given, and it was, as respects the work under way or in contemplation, as complete and effectual as the plaintiff could hope for, and afforded him the protection from interference with his work as a contracting plumber that he sought. He had little to gain by proceeding to a final hearing. The defendants were as effectually stopped from interfering with his pending work as if a final decree had been entered, and if they felt that the decree was erroneous or too broad in its relief the next move was up to them to put the suit down for final hearing. See Becker v. Ry. Co., 4 Pa. Superior Ct. 372, 375. The decree gave the plaintiff the immediate relief he had asked for in his bill, and as long as it was in force he was satisfied. The defendants apparently saw nothing to be gained by a final hearing, and so the matter rested. But the plaintiff had acted and had secured what he set out to obtain, an injunction against interference with his pending work and contemplated contracts, and he ought not now to be penalized and made liable on his injunction bond because after securing

relief he did not press the suit to final hearing. The case bears no likeness to the authorities relied on by the court below in its opinion filed in support of the decree. The citation from 32 Corpus Juris 406 does no more than recognize the general principle embodied in our equity rule (No. 38) that a preliminary injunction issued ex parte will be dissolved at the end of five days unless a hearing is had, or its continuance be assented to. The English Court of Chancery imputes laches to defendants failing to move the dissolution of a preliminary injunction. See Glascott v. Lang, 3 Myl. & C. 451; Bickford v. Skewer, 4 Myl. & C. 498, 501; Feistel v. King's College, 10 Beav. 491; Cardinall v. Molyneux, 4 DeG. F. & J. 117, 123. In Butler v. Egge, 170 Pa. 239, the lower court refused to continue a preliminary injunction not because of laches in proceeding to a final hearing but for laches in filing the bill, showing "a want of diligence on the part of the complainant [in] asking for an injunction;" which bears no relation to this case. Potter Title & Trust Co., Admr. &c. v. Frank et al., 298 Pa. 137, was a case at law, where the plaintiff waited until six years had all but elapsed before bringing suit on a contract not under seal, did not file a statement for thirteen months after suit brought, and then did nothing for nearly ten years, when it asked leave to file an amended statement. In the meantime the defendant, who had been most active in the transaction, and the principal witness for defendants had died. The lower court refused leave to amend and entered a non pros. because of the plaintiff's inaction, and the Supreme Court affirmed saying: "The claim was old when the action was brought, older when the statement of claim was filed and now, after the nine years and seven months further delay, and approximately seventeen years after it is claimed the right of action accrued, it is so old it should not be given new life. Meantime parties and witnesses have died, estates have been distributed, and the mem-

ories of such as survive have been dimmed by the passing years. Kann, and the president of the Grand Trunk Railway Company, who consummated the sale, are dead, and it would be remarkable if anything like a fair trial could be had at this late day." It needs only this excerpt to show its dissimilarity to the present case. There the plaintiff did nothing for nearly six years after the cause of action arose, and, beyond filing a statement did not act for nearly ten years afterwards; the burden of going forward was on him and he failed to act. Here the plaintiff filed his bill as soon as he was affected by the defendants' conduct, secured an ex parte preliminary injunction and within the time fixed by rule proceeded to a hearing, at which witnesses on both sides were heard, and obtained a decree, preliminary it is true, but affording him protection and relief. Having acted to some purpose and secured the immediate relief he sought by the bill, he cannot be held to have been guilty of laches because both sides saw little to be gained, and feared something might be lost, by proceeding to a final hearing.

But it does not follow that because the bill was improperly dismissed for laches, that the court erred in dismissing the petition to adjudge the defendants in contempt.

An examination of the bill filed by plaintiff shows that it was directly concerned with a contract for the steam fitting to be done in connection with a garage which the Stores Realty Company was erecting at Woodstock Street and Montgomery Avenue, Philadelphia, and with which the defendants were alleged to be interfering because of his employment of non-union men; and with contracts which he had pending for heating and steam fitting in and about the construction of buildings at 25th and Westmoreland Streets for the Roseman Realty Corporation and at 23d and Westmoreland Streets for the Barclay White Co.; and the decree entered on October 19, 1919, enjoins the de-

fendants from a long series of acts in relation to "any person or corporation *having a contract* with the complainant." All but two of the eight injunctive paragraphs of the decree are specifically limited to relief in this form, and a fair construction of the other two, in connection with the rest of the decree, and in view of the preliminary character of the decree, requires the same limitation. It was probably for this reason that the defendants, in view of the attitude of the court below on the preliminary hearing, did not move for a further hearing of the case, that might bring in its wake a final decree, which though not broader in its terms might be wider in its application; and the plaintiff being satisfied with the immediate results was not concerned about pressing the suit for general future injunctive relief. In any event, we are satisfied that the preliminary injunction of October 19, 1919, is limited by the fair construction of its language to the contract on which the plaintiff was then engaged and those pending or in immediate contemplation, and should not be extended so as to have the force and effect of a final injunction granting general relief for the future; that it did not contemplate applying to a contract entered into nearly ten years after the decree was filed.

The first assignment of error is sustained. The second is overruled. The decree of the court below dismissing the plaintiff's bill because of laches is reversed; it is affirmed as respects the dismissal of the plaintiff's petition for an order holding the defendants in contempt. Each party to pay his own costs.