## Zaengle et al. v. Smith et al. [1]

*George A. Shutack*, for plaintiffs; *L. C. Scott*, for defendants.

JONES, P. J., eleventh judicial district, specially presiding, January 23, 1934.— Plaintiffs, the owners of a tract of land in the Village of Nesquehoning, Carbon County, containing 27 acres, 128 perches, abutting on State highway route no. 162 and called Catawissa Street, in the Village of Nesquehoning, filed a bill in equity to restrain C. E. H. Smith, defendant, a district engineer of the State Highway Department, and Frank Curran, defendant, acting as foreman and employed by said department, from installing a drain or culvert under and across the State highway for the purpose of draining the waters from a gutter alongside of the southerly side of the State highway, carrying sewage, house and drain waters, and discharging and casting it upon and over plaintiffs' land.

A preliminary injunction was granted on April 22, 1922, and on April 26th, by agreement of the parties, the preliminary injunction was continued "until called up for hearing and disposition by any of the parties".

Subsequently, to no. 2, January term, 1934, in equity, George, Alice and Henry Zaengle, three of the plaintiffs, filed a bill in equity against C. H. Buckius, district engineer of the State Highway Department, and Kolyn Construction Company, contractor, upon the same complaint and praying for a preliminary injunction to restrain the defendants from laying culverts or storm sewers from the south side of said State highway route to the north side in front of their property, contending that if such culverts were constructed it would impose upon plaintiffs' land the burden of carrying off surface water and house wash and sewage water from the several residences in that vicinity.

In December 1933, we dismissed the bill upon the ground that the court of Carbon County had no jurisdiction, referring plaintiffs to the Court of Common Pleas of Dauphin County, which has sole jurisdiction of the matter: Zaengle et al. v. Buckius, District Engineer, et al., 20 D. & C. 373.

Later, on December 23d, upon petition of Samuel S. Lewis, Secretary of Highways of the Commonwealth, setting forth that the defendants in this case, Smith and Curran, had ceased to be employes of the highway department and that he had no knowledge of the existence of the preliminary injunction issued on April 22, 1922, and still in force, he was granted leave to intervene on behalf of the Commonwealth, and on the same day filed objections to the bill as provided by Equity Rule 48.

For any damages sustained by plaintiffs from entry upon their land by the Department of Highways, for the purpose of cutting, opening, maintaining, and repairing of drains or ditches, inlets, or outlets, it is provided under the Act of April 10, 1929, P. L. 477, that such damages shall be paid by the county within which the property is located and the amount thereof determined in accordance with the existing law relative to the determination of damages for the relocation of State highways.

Upon the oral argument, we were informed that the proposed culvert will carry no sewage water but simply the surface waters, and therefore we will not assume that this culvert will be a nuisance or become a nuisance sometime in the future.

It is contended that plaintiffs were guilty of laches; the proceedings have been pending for almost 12 years, but the question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding: Kinter v. Commonwealth Trust Co., Exec., et al., 274 Pa. 436, 443.

In the instant case, the preliminary injunction was awarded and April 26, 1922, fixed for a hearing upon motion to continue the injunction, and upon that date, by agreement of the parties, it was ordered and adjudged that the preliminary injunction be continued until called up for hearing and disposition by any of the parties.

All parties seemed to be satisfied. In the meantime, Smith and Curran, defendants, left the employ of the State Highway Department, and there has been no actual work since upon the ground; but in October 1933 the Secretary of Highways entered into a contract with the Kolyn Construction Company and work commenced upon the highway, but not upon the highway abutting plaintiffs' property, and therefore, under the circumstances of the particular case, we will not charge plaintiffs with lack of due diligence in failing to prosecute these proceedings. All parties seemed to be content with the order of the court made at their instance.

In Becker v. The Lebanon & Myerstown Ry. Co., 4 Pa. Superior Ct. 372, there was a motion to dismiss a bill in equity for want of prosecution, and the court said: "With the abolition of most of this cumbrous machinery, and the adoption of rules simplifying the practice, the reason for the motion to dismiss for want of prosecution has largely if not wholly disappeared. The defendant is no longer obliged to wait the plaintiff's motion at any stage of the proceedings, but may either take or require the plaintiff to take any step necessary to expedite the cause. The motion to dismiss for want of prosecution, having been superseded by more effective remedies, has practically become obsolete. 'By the English practice, the motion to dismiss was merely for the purpose of expediting the proceedings of the complainant; and there is no ground for such an application on the part of the defendant where either party is at liberty to proceed in the cause' ".

Pitcairn et al. v. Stuart et al., 302 Pa. 499, was a bill for an injunction against the Secretary of Highways and a construction company, in which the right of the State to alter the grade of a borough street without the consent of the borough was questioned, and alleging that such change would injure plaintiffs' properties and praying for an injunction against proceeding with the work. It was held (p. 503): "The [lower] court's only duty was to inquire whether or not the Commonwealth had the power to do the work in the way specified in its

plan, and, if it had not, whether or not plaintiffs had lost all right to complain because of their laches. This is also the limit of our duty, which we will not attempt to transcend"; and in this same case another plan was attempted to be substituted for the one prepared by the State for the improvement of the road, which the court held "was a matter for it alone and not for the court. The latter might advise its acceptance, but had no more right to substitute its judgment for that of the executive department, and mandatorily compel the State to comply with that judgment, as the decree appealed from attempted to do, than it would have had the right to compel a change in the width or location of the road."

Quoting from our decision between the same parties in Smith et al. v. Buckius, District Engineer, et al, supra, we there said: "Courts cannot interfere where municipal corporations exercise their unquestionable powers, even though unwisely: Wharton et al. v. School Directors of Cass Twp. et al., 42 Pa. 358; and surely not in the absence of fraud or bad faith or palpable abuse, nor will the court consider matters which involve only questions as to judgment, wisdom, and policy of municipal or State officers. To interfere in a case of this kind would throw the affairs of the State into endless confusion, and the proper functions of the State officers would, to a large degree, devolve upon and be assumed by the courts. We regard the State authorities as the repository of all the power that is needed to deal with such questions as herein involved: Glover et ux. v. Philadelphia et al., 304 Pa. 466."

We dismissed the bill in that case, concluding that the court of Carbon County had no jurisdiction.

Since our decision we have been referred to the case of W. E. McIntyre et al. v. Louis Sadler, State Highway Commissioner, No. 3, June Term, 1920 (Mercer County), which supports our conclusion. This was a bill complaining that the State Highway Commissioner, in the construction of a highway along a public road in Mercer Township, diverted water usually flowing in the ditch along the east side of the highway opposite the property of the plaintiff and by means of an underground drain was conveying it across the road and causing it to flow over plaintiffs' land, alleging great damage and irreparable injury. A preliminary injunction was awarded, and on a motion to dissolve the injunction, the defendants contended that the court was without jurisdiction to hear and determine the complaint and that plaintiffs had an adequate remedy at law. The court said: "It is clear from the acts of assembly that the legislature in establishing a State Highway Department intended to confer upon it wide powers. The purpose of this department is to construct and maintain proper highways for the traffic of the Commonwealth, and where permanent roads are being constructed at great expense it is necessary that a proper drainage system be carried out to obviate the washing of the roads and the freezing of water underneath the surface, thereby causing expansion of the surrounding material and breaking the concrete. The grade, materials, construction, and care being left absolutely to the discretion of the department, no citizen or property owner has anything to say as to this, and in order to have such roads properly constructed and kept in proper condition for traffic it is necessary that adjoining owners make some sacrifices. It is not intended, however, by the legislature to grant to the State Highway Department such unlimited power as would enable it to disregard absolutely the rights of property. After a careful examination of the decisions of the courts of this State relative to the powers of road commissioners, we think the law is most clearly and concisely stated in the case of Warfel v. Cochran et al., 34 Pa. 381. In this case the court said: 'Road commissioners, or supervisors, ought not to change the drainage of the country to the injury of

any one, whether the existing form of it be new or old, unless the public rights really required it. If they do so with recklessness, partiality, or malice, it is but just that they should answer for it.' It is evident that the defendants have the power in the exercise of their discretion to change the course of running water if it is required for the best construction and preservation of the concrete road now being constructed. The above-mentioned case further says: 'The road commissioners are intrusted with the jurisdiction of such matters, and are to decide both upon the need of such work, and upon the mode of doing it; and we are not clear, that we ought, in any case, to control them by injunction, where they have authority to act.' We are of the opinion that there are certain conditions where the State Highway Department may conduct water from the public highway onto private property where it has not previously been running, even though the property may be damaged thereby. The mere fact that an outlet is being constructed across the road where there never has been a waterway, and damage to the plaintiff's property will result, does not justify the court in restraining the defendants by injunction. If there is necessity for it, the defendants have the power under the law to do it. Who then determines this necessity? Not the owners of the property claiming to be injured, nor the engineers employed by such owners. The law says that whether or not there is a necessity is to be determined by the highway department. When, therefore, after the highway department has exercised that discretion and determined the necessity, have the courts the power to restrain by injunction the highway department from carrying out that which has been decided upon to be a necessity?"

It would serve no good purpose to continue this discussion. We sustain the exceptions to the bill and conclude that the court of Carbon County has no jurisdiction, and plaintiffs are referred to the Court of Common Pleas of Dauphin County, which has sole jurisdiction of this matter.

From Jacob C. Loose, Mauch Chunk, Pa.