GROCERS' BANK, Respondent, *against* RICHARD G. MURPHY, Impleaded, &c., Appellant.

(Decided February 7th, 1881.)

In an action on a promissory note against the maker, an answer setting up that he signed the note in reliance upon an oral agreement, made at the time, that he should not be bound according to its terms, but which does not allege any fraud or mistake, does not constitute a defense.

APPEAL from a judgment of this court entered on the report of a referee.

The action was brought upon a promissory note dated June 6th, 1876, at three months, made by the defendant Richard G. Murphy, payable to the order of the defendant Thomas Murphy, and indorsed by him to the plaintiff. The defendant Richard G. Murphy appeared and answered separately. Upon the trial before a referee, the plaintiff moved for judgment after reading the note in evidence, upon the ground that the defendant's answer alleged no defense. The defendant moved to amend his answer, the proposed pleading being printed in the record. This motion was by consent of counsel submitted to the referee, by whom it was denied, upon the ground that the proposed answer set forth no defense. The motion for judgment was then renewed and granted. From the judgment for the plaintiff entered upon the report of the referee, the defendant Richard G. Murphy appealed.

*James W. Perry*, for appellant.

*Ten Broeck & Van Orden*, for respondent.

BEACH, J.—[After stating the facts as above.]—The only question argued upon the appeal, relates to the disposition by the referee of the motion to amend the answer. If the proposed pleading contained no defense to the action, his decision was correct, otherwise not. The facts averred are, that in Feb-

ruary, 1874, the plaintiff corporation loaned the defendant
Thomas Murphy $50,000, taking as security for its repayment,
his mortgage, payable immediately, and promissory note, the
latter being used instead of a bond for convenience of renewal
in case of agreement therefor.   That shortly after the loan, but
how long after is not alleged, nor whether or not it was so
soon after as to be a part of the original transaction, the presi-
dent of the plaintiff bank stated to the borrower, that as its rules
required two names on loans made by it, he wished the bor-
rower would get one of his boys to put his name on the note
as a matter of form.   That the defendant, upon this being made
known to him, signed the first note, and has signed as maker,
various renewals, the one in suit being the last.   The proposed
answer avers, that the loan had then been placed to the credit
of the borrower, upon the books of the bank, but does not al-
lege that any part of it had been paid out before the irregu-
larity was discovered, and the requirement made for an addi-
tional name.

It does not therefore appear but that the first note, to which
the defendant became a party, was part of the original transac-
tion, and required by the bank, before it would complete the
loan, by payment over of the money.   Passing, however, that
consideration, and assuming there was an interval of time, mak-
ing the original note of the defendant a separate act, it was not
competent for the defendant to show that he was not to be
bound by his promise, by parol evidence of the facts contained
in the answer.   It is a familiar rule, requiring no citation of
authority, that neither the terms or legal import of a written
instrument can be contradicted by parol, in the absence of
fraud or mistake.   It would be competent for the defendant to
show that he signed the several notes as surety or accommoda-
tion maker.   But he could not avoid his promise in writing by
parol proof, that at the time it was made, there was a verbal
agreement that he should not be bound according to its terms.
It is ruled in *Murphy* v. *Keyes* (39 N. Y. Super. Ct. 18), that
the accommodation maker of a promissory note, for the benefit
of the payee and indorser, may show, as against an original
party to the transaction, that it was made for the accommodation

of such party, who was the plaintiff in the action. But it there appeared, that at the time the maker signed the paper, the payee, who was his father, as an inducement to his signature, stated to him, in plaintiff's presence, "that the making of the note was a mere form and that he, the father, would see to it, and the son would have nothing to do with it." From such facts it might be found, that the son signed the note, at the request and for the accommodation of his father, upon an agreement with the plaintiff, that it should be deemed a mere matter of form, and create no obligation as against him. The case presents different facts from those averred in the proposed answer. Without assenting to the doctrine there decided, it is sufficient to say, that the decision is not applicable to the case at bar. Here no such agreement is alleged.

- If the preceding view should be thought incorrect, and the facts stated in the proposed answer be deemed a legitimate defense, were the action upon the first note given by the defendant, it is to be considered whether they would be equally available against his subsequent renewal paper. The amended answer does not allege, that at the time of the execution of the original securities, there was any agreement for a renewal of the paper; on the contrary, it states that the first note of Thomas Murphy was given in lieu of his bond "for convenience in case it should be agreed that a renewal should be made." It may therefore be properly assumed, that the notes of the defendant, subsequent to the first, were given upon agreements for extensions of the loan. This deprived him of the character of an accommodation maker, and furnished a sufficient consideration for his promise.

Having reached this conclusion, I do not consider the question, whether or not the president of the plaintiff corporation had power to make an arrangement which would release a party who gave to the bank a promissory note, as required by its rules and regulations. The existence of such power may well be questioned.

The judgment must be affirmed.

CHARLES P. DALY, Chief Justice.—The defense set up by

Grocers' Bank v. Murphy.

the answer is that the president of the bank requested the maker of the note to get one of his sons to put his name on the note, as a *matter of form*, to comply with the rules of the bank, and that the maker stated the president's request to one of his sons, the defendant, and asked him to sign the note upon that condition, which he did.    It has been held in other states that a surety upon a bond may show by parol, as a defense, that he signed it upon the declaration of the obligee, that it was a *mere matter of form*, and that he never should be called upon for payment.    But in *Wilson* v. *Deen* (74 N. Y. 535, 536), it was held that this has never been adopted in this state, and that the current of our authorities is to the effect, both at law and in equity, that one who signs a written instrument, knowing its contents, cannot be allowed to set up that he signed it in reliance upon a verbal stipulation made to him at the time, qualifying or varying the terms or legal effect of it—which is what was set up as a defense in the answer in this case.    The only exceptions to the operation of this rule at law, or in equity, is in case of .fraud, or when relief is sought in equity, on the ground of mistake, which is not the case here.

In *Murphy* v. *Keyes* (39 N. Y. Super. Ct. 18), the evidence that the defendant signed the note upon the statement to him by his father in the plantiff's presence, that it was a mere matter of form, and that he, the father, who was the indorser, would see to. the payment of it, was received, as would appear from the report, without objection to its competency.    The question of the right to contradict or vary the legal effect of the instrument by parol evidence, is not referred to in the opinion of the court, and the case was decided upon the ground that the evidence showed that there was, as between the original parties, the maker and the plaintiff, no consideration.    In the present case, the plaintiff moved for judgment, on the ground that the facts set up in the proposed amended answer constituted no defense, and as the evidence, if offered upon the trial, would have been inadmissible under the plaintiff's objection, the referee gave judgment for the plaintiff, which was correct, as the facts set up could not have been given in

evidence. (*McNaught* v. *McClaughry*, 42 N. Y. 22; *Hubbard* v. *Gurney*, 64 N. Y. 457).

VAN BRUNT, J.—I concur in the result.

Judgment affirmed.