### GOETZ *v.* MOTT *et al.*

*(Supreme Court, Special Term, New York County.* May 25, 1888.)

JUDGMENT—LIEN—SUBSEQUENTLY ACQUIRED PROPERTY—ATTACHES, WHEN—PRIORITY.
Under Code Civil Proc. N. Y. § 1251, providing that, from the time a judgment is docketed, it shall be a lien on the real property which the judgment debtor then has or subsequently acquires, in that county, judgments which have been docketed attach to subsequenty acquired property at the same instant of time, and one does not have priority over the others because of its prior docket or rendition.

At chambers. On motion to confirm the report of a referee.

This was a proceedings for a distribution of the surplus money from the foreclosure of a mortgage. The question involved was whether Frederick T. Herder, a judgment creditor of defendant Charles Mott, was entitled to a preference over the judgment of Edgar M. Hermance against Mott, by reason of the prior docketing of his judgment. Code Civil Proc. N. Y. § 1251, provides that "a judgment hereafter rendered, which is docketed in a county clerk's office, * * * is a charge upon * * * the real property * * * in that county which the debtor has at the time of so docketing it, or which he acquires at any time afterwards."

*F. L. W. Schaffner,* for defendant Mott. *Rudd & Hunt,* for defendant Hermance. *Alonzo C. Farnham,* for defendant Herder.

LAWRENCE, J. Maria Mott died in December, 1886, intestate, leaving as her only heirs her two sons, Henry H. Mott and Charles Mott. The defendant Hermance, in February, 1886, recovered judgment against the said Charles Mott in the supreme court of this state, in Westchester county, a transcript of which judgment was filed in New York county in September, 1886. At the time of the recovery of such judgment, Charles Mott had no interest in the lands which were subject to the mortgage on a foreclosure of which the surplus involved in this proceeding has arisen, and no lien could attach thereon until his interest became vested by the death of his mother. That lien was an equitable one, as it seems to me; and under the case of *Purdy* v. *Doyle,* 1 Paige, 558, the judgment creditors of Charles Mott should be paid upon the basis of equality. In *Moody* v. *Harper,* 25 Miss. 484, it appeared that the statute provided that "in all cases the property of the defendants shall be bound and liable to any judgment that may be entered up from the time of entering such judgment." In considering the effect of the provision just quoted, it was held that, as the lien could not attach to property owned by another, it could not take effect upon after-acquired real estate until the moment of its acquisition, and that, upon taking, it did not relate back to the rendition of the judgment. Freeman, in his work on Judgments, (§ 343,) after using the language above quoted, states: "From this view it follows, if two judgment liens have been docketed against a defendant, they will both attach to subsequently acquired property at the same moment, and neither will have priority over the other on account of its prior docket or rendition;" and adds: "This construction seems to be of undisputed correctness, and to be adopted wherever the question has arisen;" citing *Michaels* v. *Boyd,* 1 Ind. 259; *Davis* v. *Benton,* 2 Sneed, 665; *Relfe* v. *McComb,* 2 Head, 558. Section 1251 of the Code of Civil Procedure does not, in my opinion, give Herder any priority over Hermance, because the lien of both judgments attached at the same instant of time.

For these reasons, it seems to me that each judgment is entitled to share in the portion of the surplus which became the property of Charles Mott upon the death of his mother. Let an order be entered in accordance with these views.