(20 Misc. Rep. 141.)

## LLOYD v. BALLANTINE.

(Supreme Court, Special Term, New York County. April, 1897.)

1. FRIVOLOUS PLEADING—NECESSITY OF ARGUMENT.
     A pleading cannot be regarded as frivolous where counsel making the objection found it necessary to submit a brief of 7,000 words.

2. JUDGMENT—ON PLEADINGS—WHEN GRANTED.
     A motion for judgment on the pleadings cannot be granted unless the pleading objected to is frivolous, or raises no issue.

Action by Charles N. Lloyd against Amanda Howe Ballantine for a divorce. Defendant moves for judgment on the reply. Denied.

Jackson & Wood, for plaintiff.

Ernest L. Conant (John L. Wilkie and Wm. Burton Goodwin, of counsel), for defendant.

PRYOR, J. To a complaint for divorce on the ground of adultery, the defendant pleads a previous divorce from the plaintiff, and a lawful marriage to the person with whom she is accused of maintaining an illicit connection. If the answer be true, it affords a complete defense to the action. Hunt v. Hunt, 72 N. Y. 217, 225. In compliance with an order of court, the plaintiff has interposed a reply, in

which he impeaches the judgment of divorce as void for collusion and defect of jurisdiction. The defendant now moves for judgment, upon what she assumes to be two distinct grounds, namely, the frivolousness of the reply, and its failure to allege matter in avoidance of the defense to which it responds. But if, palpably, the reply does not defeat the defense, it is frivolous, and hence the substantial ground of both motions is the legal insufficiency of the reply. Is the insufficiency of the reply so obvious and incontestable as to authorize relief under section 537 of the Code? To justify a decision that a pleading is frivolous, "it must be not only without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection. If any argument is required to show that the pleading is bad, it is not frivolous." Cook v. Warren, 88 N. Y. 37. "That only may be regarded as frivolous which is made to appear so incontrovertibly, by a bare statement of it, and without argument." Youngs v. Kent, 46 N. Y. 672, 674. The divorce averred by the defendant in answer to the action was by a judgment of the court of common pleas of Philadelphia county, Pa. To invalidate the judgment, the reply sets forth a statute of that state which requires citizenship and a year's residence as a condition of the maintenance of an action for the dissolution of a marriage, and alleges that, because of the nonresidence of the plaintiff in the Philadelphia suit, the Pennsylvania court had not jurisdiction of the cause or the parties. This attempted avoidance of the defense the learned counsel impeaches as frivolous, upon the ground that the plaintiff is precluded from challenging the jurisdiction; and, to make good the position, he furnishes an argument of uncommon ability and research, in which are discussed intricate and controverted questions touching estoppel and pleading, and the obligatory effect of a foreign judgment. Again, in establishing the insufficiency of the alleged collusion to avoid the judgment of divorce, the learned counsel for the defendant not only argues earnestly against the fact of collusion, but elaborately resolves these difficult problems of law: Who can make the objection? Under what circumstances can it be interposed? What will constitute sufficient fraud to vitiate a judgment? In showing that it is not open to this plaintiff to attack the judgment of divorce for fraud in its procurement, the learned counsel again accumulates stores of learning, and displays a toilsome ingenuity. Were the question of the validity of the reply before me upon demurrer, I should probably condemn it as bad in substance; but to predicate frivolousness of a pleading, to discredit which such an arduous effort and a brief of 7,000 words are indispensable, is scarcely less than a self-evident absurdity.

As already indicated, the ground upon which the reply is assailed is insufficiency in substance; and, to authorize the relief, I am of the opinion that the insufficiency should be plain and undeniable. The defendant insists, however, that if, upon a critical examination, she be entitled to judgment on the pleadings, she may get it by the present motion. I had supposed that the only method by which, under our system of procedure, the substantial insufficiency of a pleading is open to objection, is by demurrer, or by motion at the

trial, or for judgment, under section 537 of the Code; but, to the contrary, counsel adduces People v. Northern R. Co., 42 N. Y. 217, 53 Barb. 98, in which, upon motion at special term, judgment was directed for the plaintiff on the ground that the allegations of the complaint were admitted by the answer, and no issue was raised for trial. The decision was by a bare majority of the court, and I do not find another identical adjudication. In Bank v. Murphy, 9 Daly, 510, the motion was made on the trial. In People v. Nichols, 79 N. Y. 582, the point was not adjudged, and the case was a proceeding in certiorari.· Still less, despite the headnote, is Havemeyer v. Refining Co., 26 Abb. N. C. 157 (s. c., 13 N. Y. Supp. 873), a decision upon the point. I may add that in all these cases the motion was made by the plaintiff, and that no instance of such motion by a defendant can be discovered in the reports. See note 26 Abb. N. C. 175 (s. c., 13 N. Y. Supp. 873). Accepting, however, People v. Northern R. Co., as prescribing the rule of practice, the case differs from the present in the essential circumstance that there no issue was raised, and nothing was to be tried, whereas here a plea to the jurisdiction is propounded, and the fact of collusion in the judgment is controverted. It may be that on the trial plaintiff will be precluded from proof of collusion or defect of jurisdiction, but the objection of the defendant presents questions of which I am not to dispose in advance and summarily upon a motion. Enough appears in the plaintiff's own pleading to demonstrate that he is entitled to no indulgence from the court, but I am constrained to accord him the benefit of the rules of law, and they require, I conceive, that the motion be denied. No costs.

Motion denied, without costs.