(22 Misc. Rep. 573.)

AMERICAN SURETY CO. OF NEW YORK v. CROW et al.

(Supreme Court, Trial Term, New York County. February 23, 1898.)

1. PRINCIPAL AND SURETY—CONTRACT UNDER SEAL—INCONSISTENT PAROL AGREE-MENT.
   Where plaintiff executed a statutory undertaking, on appeal, on behalf of defendants, who agreed in writing, under seal, to indemnify plaintiff therein, it was not admissible, in an action on such agreement, for one of the parties defendant to show a contemporaneous parol understanding with plaintiff, whereby his execution of such obligation was to be regarded as formal only, and that his co-surety alone was to be liable thereon.

2. SAME—DISCHARGE BY NOTE OF CO-SURETY.
   Where one of two sureties on a sealed obligation gave his note for the demand, and thereafter renewed such note, which promises were not to operate in satisfaction unless followed by payment, such promises unperformed did not discharge his co-surety, if not prejudiced thereby.

Action by the American Surety Company of New York against Moses R. Crow and others on an indemnity agreement. Judgment for plaintiff.

John J. Crawford, for plaintiff.
Franklin Bien, for defendant Crow.

McADAM, J. The Shickle, Harrison & Howard Iron Company, on August 20, 1889, recovered a judgment against Rowland N. Hazard and others for $16,974.15, from which Hazard appealed to the supreme court, general term; and the plaintiff herein, at the request of the defendants herein, executed the usual statutory undertaking thereon, whereby it obligated itself that the appellant would pay the judgment if affirmed on such appeal, together with all costs awarded on such affirmance. The complaint alleges and the answer admits "that, in consideration and as a condition of the execution by this plaintiff of the undertaking aforesaid, the defendants herein, by their agreement in writing, signed with their names and sealed with their seals, promised and agreed with this plaintiff that they (the

said defendants) should and would at all times indemnify and keep indemnified and save harmless this plaintiff from and against all loss, damages, costs, charges, counsel fees, and expense whatsoever which plaintiff might for any cause, at any time, sustain or incur by reason or in consequence of having executed the said undertaking." Thereafter, and on January 9, 1891, the said judgment was affirmed, with $112.17 costs. Hazard failed to pay the judgment, and the plaintiff, on January 30, 1891, was obliged to, and did, pay $18,557.80 in settlement thereof. It was objected that the trial could not proceed against the defendant Crow on the ground that the action was not at issue as to his two co-defendants and joint obligors, Thurber and Hazard, process not having been served upon them. The same objection was made when the cause was ordered on the calendar; but it was overruled, and an appeal from the order was dismissed by the appellate division. This ruling is therefore accepted as settling the law of the case in respect to the point raised.

Apart from certain credits claimed by the defendant Crow, which will be hereafter considered, he places his defense upon the grounds:

1. That he was interested on the appeal as the attorney for Hazard, the defeated defendant; that Horace K. Thurber had been accepted by the plaintiff as a satisfactory indemnitor; that Mr. Nugent, who was then secretary of the plaintiff, and in charge of the bond department, stated that he desired Mr. Crow to execute the indemnity agreement to satisfy the rules of the company, which required two indemnitors, but that the execution of the bond by him was to be regarded as formal only, for he would not be holden thereon, as the plaintiff would look for indemnity exclusively to Mr. Thurber, by whom it was to be secured. Crow testified that such was the arrangement under which he became surety. Mr. Nugent, on the other hand, denies that there was any such understanding, and testified that, while the rules of the company do not direct the taking of any fixed number of sureties, it required two in this instance, and he was therefore particular enough to require Mr. Crow to justify before he would accept him,—a course not likely to be pursued with a nominal surety. The indemnity agreement shows that Crow did justify by affidavit, showing the ownership of $150,000 worth of property, which he particularly specified. While an instrument not under seal may be delivered upon condition, the observance of which as between the parties is essential to its validity (Bookstaver v. Jayne, 60 N. Y. 146; Benton v. Martin, 52 N. Y. 570; Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32), it is not admissible to show a contemporaneous parol agreement inconsistent with that which is written, and tending directly to nullify it (Gordon v. Niemann, 118 N. Y. 152, 23 N. E. 454; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Bank v. Murphy, 9 Daly, 510; Russell v. Kinney, 1 Sandf. Ch. 34; Bank v. Tisdale, 18 Hun, 151, affirmed 84 N. Y. 655; Davis v. Randall, 115 Mass. 547). The indemnity bond was given to induce the plaintiff to become surety on the undertaking on appeal; and the plaintiff was induced thereby to incur the liability indemnified against, so that the obligation is founded on a valuable consideration. In this respect the case differs from Higgins v. Ridgway, supra,

which was an action on a promissory note without consideration, delivered upon condition that the maker should not be liable thereon. Crow is evidently mistaken in supposing that any such inconsistent oral understanding was had, for the parties in interest intended, and acted on the intention, that he should be holden according to the terms of the sealed obligation. The fact that Crow was attorney for the principal does not affect his liability as surety. The obligation was not an ordinary court bond. If it had been, he might have been rejected by the court because of his relation to the principal; but, where no such objection is made by the creditor, even an attorney may become liable. Foxall v. Bowerman, 2 East, 182, note; Banter v. Levi, 1 Chit. 713; Bell v. Gate, 1 Taunt. 162.

2. That the plaintiff settled all liability on the bond with Thurber, the co-surety, by accepting from him notes, stocks, and securities, whereby Crow was discharged. Thurber did give a six-months note for the demand, secured by stock of the Hazard Company, which note, after the payment of six months' interest, was renewed by another at three months. But these promises to pay were not given or accepted in satisfaction, and were not so to operate unless followed by payment. They were unperformed, and nothing was realized from the stock. The broken promises to pay did not discharge the sealed obligation sued upon. Where time is given to the principal debtor without the consent of the sureties, they may be discharged; but the mere giving of time to a co-surety whose obligation is equal will not discharge the other if not prejudiced thereby. Draper v. Weld, 13 Gray, 580. The acts of Thurber in further securing the plaintiff in no manner prejudiced his co-surety, Crow, and did not discharge the liability of either on the bond.

These defenses being unavailing, the next question arises as to what, if any, credits the indemnitors are entitled to on account of collections made by the plaintiff in proceedings founded on the judgment secured, and of which it afterwards became the owner by assignment. The agreement with Thurber respecting the Thirty-Eighth street house clearly shows that the interest taken by him in that transaction was to protect his liability on the bond in suit, and that the profit made thereon by the plaintiff should be credited on the indemnity obligation, for he was interested in discharging that obligation, and that only. The indemnitors must also be credited with so much of the moneys collected in the surplus proceedings on the Waverley place property as are properly applicable to the iron company's judgment, upon the principle decided in Re Hazard, 73 Hun, 22, 25 N. Y. Supp. 928, affirmed 141 N. Y. 586, 36 N. E. 739. And see Goetz v. Mott (Sup.) 1 N. Y. Supp. 153. The moneys realized on the attachment against the Narragansett property were properly applied to the Wing judgment, because collected in proceedings founded upon it. 2 Am. & Eng. Enc. Law (2d Ed.) 459. The $1,000 received on the Thompson claim came from one Moriarty, who was interested in having it applied on the Thompson liability, with respect to which he was co-obligor. These two items cannot be credited to the defendants. No specific application of the moneys was made by the creditor until the cause was on trial, and after the

right had vested in the court to make such application as would have been made if the parties in interest had acted in the matter.   Id. 447. Indeed, in a case of payments other than by the voluntary act of the debtor, there is generally no question of application by the parties. Id. 459; Bank v. Moore, 112 N. Y. 543, 20 N. E. 357.   The principal and interest account between the parties stated, according to these views, leaves a balance of $8,823.13 due to the plaintiff.

Judgment accordingly, with costs, and $200 allowance.