## THE FAJARDO DEVELOPMENT CO. *v.* THE DISTRICT COURT.

### APPLICATION for Writ of *Certiorari.*

No. 54.—Decided May 6, 1909.

CERTIORARI—DISCRETION OF THE COURT—ADEQUATE REMEDY BY APPEAL.—The granting of a writ of *certiorari* is a matter within the sound discretion of a court and will be frequently denied where there is an adequate remedy by appeal.

ID.—PROCEDURE CONTRARY TO LAW.—The act authorizing writs of *certiorari*, approved March 10, 1904, authorizes judgment in favor of a petitioner "where procedure is not according to the course of the law."

DEMURRER—WHEN IT MAY BE DISREGARDED.—The only time when a demurrer may be disregarded is when it fails to specify the grounds upon which any of the objections to the complaint are taken.

ID.—SETTING THE HEARING—TO BE PLACED ON THE CALENDAR.—The court must set the demurrer for hearing and may then overrule it, but it must first be set. The practice of the district court requires that a demurrer should be placed on the calendar.

ID.—FRIVOLOUS PLEADING—TEST TO DETERMINE THE SAME.—A demurrer is not frivolous when it involves a serious question of jurisdiction on account of the alleged domicile of the defendant and the location of the land which defedant was restrained from entering. To the question of jurisdiction originally presented the court filed an opinion showing therein that there was room for argument, which is the test of a frivolous pleading.

The facts are stated in the opinion.

*Mr. Juan Guzmán Benítez* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

A writ of *certiorari* was issued in this case directed to the Judge of the District Court of Ponce requiring him to transmit to this court the original papers and proceedings described in the application of the Fajardo Development Co., the case involved being the suit of *Concepción Veve de Belaval et al. v. The Fajardo Development Co.* The papers and proceedings are before us.

In their complaint complainants asked for a permanent injunction and by motion a preliminary injunction *pendente lite.* On the day set for the hearing of the motion for a temporary injunction the defendant appeared and alleged a lack of jurisdiction in the court and that there were no reasons for granting the injunction.

The court took jurisdiction and granted the motion. In answer to the complaint itself the defendant in due time filed a demurrer alleging the lack of jurisdiction, and furthermore that the complaint did not set forth a cause of action.

Subsequently the complainants moved the court to dismiss the demurrer as frivolous because the same points were treated therein as had already been treated in the motion for the transfer of the case dated March 8, 1909, and decided March 17. Such a motion does not appear in the record, but the motion of the defendant opposing the granting of a preliminary injunction bears date of March 8, and the order of the court granting the preliminary injunction bears date March 17, and are the motion and order to which complainants refer. On the back of this motion stands the word " 'approved,' M. E. G., April 14, 1909." No other order dismissing the demurrer appears but, as petitioner asserts in his petition, and complainants in their brief admit, that the demurrer was dismissed, we may take for granted the fact of its dismissal. Of the motion to dismiss there was no notice to the defendants, and such motion was decided by the court without granting it a hearing.

The granting of a writ of *certiorari* is a matter within the sound discretion of a court and will be frequently denied where there is an adequate remedy by appeal. The statute, however, authorizes judgment in favor of a petitioner "where procedure is not according to the course of the law." (Laws of 1904, pp. 132 and 133.) It is perfectly true, as complainants allege, that the defendant might have gone on to final judgment and then had the alleged error reviewed by this court, but the petitioner is just now in the position of having to answer the complaint or permitting a judgment by default to go against it, when, by sections 101 and 105 of the Code of Civil Procedure, a demurrer is one of the defenses open to a defendant. The order of the court is not a final judgment and no appeal lies from it directly. The defendant might not even ask for a judgment on demurrer, as the latter was dismissed. It has a

right to this defense by demurrer no. matter if the grounds of it have been passed on in a preliminary motion or proceeding. The right is fixed by statute. The only time when a demurrer may be disregarded is when it fails to specify the grounds upon which any of the objections to the complaint are taken. (Section 106 of the Code of Civil Procedure.) There was no objection to the demurrer for that reason and the demurrer was sufficient. The court must set the demurrer for hearing and may then overrule it, but it must first be set. The practice of the district court requires that a demurrer should be placed on the calendar. It would be no justification to the action of the court that the grounds of the demurrer had been touched upon before or that they were frivolous. The preliminary injunction and the papers in connection therewith may be modified or otherwise disposed of and even expunged from the files. The defense to the complaint should appear for itself, if for no other purpose than to complete the record.

But the defendant, in addition to the grounds for opposing the granting of the preliminary injunction in his demurrer, urged that the complaint did not state a cause of action. The court had no right to assume that no additional grounds against the complaint could be urged. Furthermore, the demurrer was not frivolous. It involved a serious question of jurisdiction on account of the alleged domicile of the defendant and the location of the land which defendant was restrained from entering. To the question of jurisdiction originally presented the court filed an opinion showing therein that there was room for argument, which is the test of a frivolous pleading. (*Cook* v. *Warren*, 88 N. Y., 37; *Lloyd* v. *Ballentine*, 20 Misc. Rep., 141.) The presentation of these facts demonstrates the propriety of the issuance of the writ in this case. The defendant was entitled to an order sustaining or overruling its demurrer. The order of the court dismissing the demurrer must be annulled and the papers returned to the Dis-

trict Court of Ponce for further proceedings not inconsistent with this opinion.

*Sustained.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.